**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000071
11-APR-2025
08:10 AM
Dkt. 55 SO**

NO. CAAP-22-0000071

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GREEN ENERGY TEAM LLC, Claimant-Appellee,
v.
KAUAI ISLAND UTILITY COOPERATIVE, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CSP-21-0000261)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Respondent-Appellant Kauai Island Utility Cooperative

(**KIUC**) appeals from the Circuit Court of the First Circuit's

(**circuit court**)[1] (1) Order Denying KIUC's Motion to Dismiss Green

Energy Team LLC's (**GET**) Motion to Confirm Arbitration Award

(**Order Denying KIUC's Motion to Dismiss**), filed on December 3,

2021; (2) Order Denying KIUC's Motion to Vacate Arbitration

---

[1]    The Honorable Jeffrey P. Crabtree presided.

Award or, in the Alternative to Clarify (**Order Denying KIUC's Motion to Vacate**), filed on January 26, 2022; (3) Order Granting GET's Motion to Confirm Arbitration Award (**Order Granting GET's Motion to Confirm**), filed on January 26, 2022; and (4) Amended Final Judgment, filed on March 31, 2022.

This matter arises out of an arbitration between KIUC and GET. In January 2011, KIUC and GET entered into a Power Purchase Agreement (**PPA**), pursuant to which, inter alia, GET would sell energy to KIUC, and KIUC would pay a monthly Capacity Charge that was set by the PPA. In September 2018, GET sought an increase in the Capacity Charge; KIUC denied this request.[2] In August 2020, KIUC and GET entered into an Agreement to Participate in Binding Arbitration (**Arbitration Agreement**). The arbitration was conducted "remotely through [Z]oom" in April 2021, with the arbitrators located in the First Circuit. The parties presented a single issue for arbitration: "Whether KIUC unreasonably withheld approval of GET's request for a [C]apacity [C]harge increase." In August 2021, the arbitrators issued the Final Arbitration Award, in which they found that KIUC unreasonably withheld approval, and awarded GET a specific Capacity Charge increase, and attorneys' fees and costs.

---

[2]     Pursuant to the PPA, the Management Committee, comprised of three KIUC representatives and two GET representatives, reviews requests for capital additions and modifications that would increase the Capacity Charge. The record reflects that all three KIUC representatives opposed GET's request.

In September 2021, GET initiated a special proceeding in circuit court to confirm the Final Arbitration Award. In October 2021, KIUC filed its Motion to Dismiss GET's Motion to Confirm Arbitration Award or, in the Alternative, to Transfer Venue, which the circuit court denied. In November 2021, KIUC filed its Motion to Vacate Arbitration Award or, in the Alternative, to Clarify. In January 2022, the circuit court denied KIUC's motion to vacate and granted GET's motion to confirm. In March 2022, the circuit court entered an Amended Final Judgment. This appeal followed.

On appeal, KIUC raises three points of error: (1) "The [c]ircuit [c]ourt erred when it denied KIUC's Motion To Dismiss and denied KIUC's request to change venue"; (2) "The [c]ircuit [c]ourt erred when it denied KIUC's Motion To Vacate and granted GET's Motion To Confirm when it concluded that the arbitrators were within their authority to increase the Capacity Charge without approval from the [Public Utilities Commission (**PUC**)]"; and (3) "The [c]ircuit [c]ourt erred when it denied KIUC's Motion To Vacate in part" when it found that one of the arbitrators "properly and fully disclosed her prior involvement in another arbitration[.]"

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration

to the arguments advanced and the issues raised by the parties, we resolve KIUC's points of error as follows:

(1) KIUC contends that, pursuant to the PPA, the proper venue for GET's motion to confirm was the Fifth Circuit, and not the First Circuit. We review the circuit court's ruling on a motion to dismiss de novo under the right/wrong standard. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

Here, the express terms of the PPA conflict with the relevant legal authority. The plain language of the PPA states that "[s]ubject to Article 14, the venue for any civil action related to this [PPA] shall be the judicial circuit in which [GET's] facility is located," which, here, would be the Fifth Circuit. Hawaii Revised Statutes (**HRS**) § 658A-27 (2016) states that motions to confirm an arbitration award "shall be made in the court of the circuit in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the circuit in which it was held."[3]

"[T]he statute must take precedence over the terms of the contract" where the contract's terms appear to be in direct

---

[3]  The Arbitration Agreement does not specify a venue. However, by entering into the Arbitration Agreement, the parties agreed to abide by the Dispute Prevention & Resolution, Inc. Rules which set Honolulu as the arbitration venue. The parties also stipulated to designate Honolulu as the arbitration venue, and all of the arbitrators were located in Honolulu.

conflict with the statute. Sol v. AIG Haw. Ins. Co., 76 Hawai‘i 304, 307, 875 P.2d 921, 924 (1994) (citation omitted). The First Circuit was therefore, pursuant to the statute, the proper venue for the motion to confirm. We therefore conclude that the circuit court did not err in denying KIUC's motion to dismiss and request to change venue.

(2) KIUC contends that the circuit court erred in denying KIUC's motion to vacate and granting GET's motion to confirm, and, in so doing, concluding that the arbitrators were authorized to change the Capacity Charge set in the PPA without PUC approval. "We review [a] [circuit] court's ruling on an arbitration award de novo," but are cognizant that a circuit court's "review of an arbitration award [must be] confined to the strictest possible limits, and a court may only vacate an award on the grounds specified in HRS § 658A-23 [(2016).]" Tatibouet v. Ellsworth, 99 Hawai‘i 226, 233, 54 P.3d 397, 404 (2002) (citation omitted); Haw. State Tchrs. Ass'n v. State Dep't of Educ., 140 Hawai‘i 381, 391, 400 P.3d 582, 592 (2017) (cleaned up).

HRS § 658A-23 states that "[u]pon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if . . . [the] arbitrator exceeded the arbitrator's powers[.]" "The scope of an arbitrator's authority is determined by [the] agreement of

the parties. [Arbitrators] must act within the scope of the authority conferred upon [them] by the parties and cannot exceed [their] power by deciding matters not submitted." State Org. of Police Officers (SHOPO) v. Cnty. of Kauaʻi, 134 Hawaiʻi 155, 159, 338 P.3d 1170, 1174 (App. 2014) (citation omitted).

Pursuant to the PPA, arbitrators may "interpret and apply [the PPA's] terms and conditions . . . and . . . order any remedy allowed."  They are prohibited, however, from changing any term or condition of the PPA.

Here, we conclude that the arbitrators did not exceed the scope of their authority by finding, based upon the totality of the evidence and arguments presented, "that KIUC unreasonably withheld approval of GET's request for a [C]apacity [C]harge increase."  The PPA authorizes KIUC's Management Committee to approve requests for "capital additions and modifications," and instructs that the Management Committee cannot unreasonably withhold such approval.[4]

---

[4]     Section 5.1C(2) of the PPA states that "[c]apital additions or modifications that require any change to the Capacity Charge are subject to approval by the Management Committee," and such approval cannot be "unreasonably with[held]."  Section 3.2J of the PPA provides that "requests for amendment to [the PPA] . . . are subject to the approval of KIUC and [GET], and the PUC if applicable."  Section 24.14 of the PPA states that "any amendments . . . [are] subject to approval by the PUC and the Parties' respective obligations hereunder are conditioned upon receipt of such approval[.]"

The term "capital addition" is not defined in the PPA. Therefore, approving capital additions would not change a term in or amend the PPA.

We further conclude, however, that the arbitrators exceeded their authority by also awarding GET "a [C]apacity [C]harge increase of $8.03/kW." Section 24.14 of the PPA states that "any amendments . . . [are] subject to approval by the PUC[.]" "Capacity Charge" is a defined and fixed term.[5] A change to the Capacity Charge set by the PPA – i.e., the amendment of a defined and fixed term within the PPA – requires PUC approval. We therefore conclude that the circuit court erred in denying KIUC's motion to vacate, and granting GET's motion to confirm.

(3) KIUC contends that one of the arbitrators failed to adequately disclose her involvement in a prior arbitration between GET and another entity. In light of our decision to

---

[5] The PPA reads, in relevant part:

**ARTICLE 1. DEFINITIONS**

. . . .

**Capacity Charge** – The amount to be paid by KIUC to [GET] pursuant to Section 5.1[C] (Capacity Charge).

. . . .

[5.1]C. Capacity Charge

**The monthly Capacity Charge shall be Seventy-One and Forty-Five/100 Dollars per kW ($71.45/kW) per Month.** The Capacity Charge shall be paid monthly, and is net, including all taxes. . . .

. . . .

Following the In-Service Date, **the Capacity component may be increased if there are capital additions for plant modifications as approved by KIUC in accordance with Section 5.1C(2) below.**

(Emphasis added.)

7

vacate the Order Denying KIUC's Motion to Vacate and the Order Granting GET's Motion to Confirm, we need not determine whether the arbitrator made sufficient disclosures, and whether KIUC waived its ability to challenge the Final Arbitration Award on this ground.

For the foregoing reasons, we affirm the Order Denying KIUC's Motion to Dismiss, but we vacate the Order Denying KIUC's Motion to Vacate, the Order Granting GET's Motion to Confirm, and the Amended Final Judgment, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, April 11, 2025.

| | |
|---|---|
| David J. Minkin,<br>for Respondent-Appellant. | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Grant Fasi Allison,<br>for Claimant-Appellee. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| | /s/ Kimberly T. Guidry<br>Associate Judge |